Anna Y. Park, SBN 164242
Elizabeth Esparza-Cervantes, SBN 205412
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1068
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SPECIALTY RESTAURANTS CORPORATION, et al,<br><br>Defendant. | Case No.: CV 06-06109 FMC (PLAx)<br><br>[~~PROPOSED~~] **CONSENT DECREE; ORDER**<br><br>Hon. Florence-Marie Cooper<br>U.S. District Court Judge |

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") and Defendant Specialty Restaurants Corporation (hereafter "Defendant" or "SRC") hereby stipulate and agree to entry of this Consent Decree to resolve the Commission's complaint filed in case number CV 06-06109 FMC (PLAx), filed under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), alleging that Defendant and Does 1 - 10 subjected Charging Party Julia Santoscoy and other similarly situated individuals to

sexual harassment on the basis of sex, female, resulting in a hostile work environment. The Commission also alleges that Defendants retaliated against Julia Santoscoy and other similarly situated individuals for participating in protected activities of complaining about, opposing or participating in the investigation of sexual harassment. The Commission further alleges that Defendants subjected a claimant to harassment based on her national origin, Middle Eastern.

## I. PURPOSES AND SCOPE OF THE CONSENT DECREE

A.   The parties to this Consent Decree ("Decree") are the EEOC and SRC. The scope of this Decree includes all of SRC's restaurants. This Decree shall be binding on and enforceable against SRC and its parents, subsidiaries, partners, officers, directors, agents, successors, and assigns.

B.   The parties have entered into this Decree for the following purposes:

    1.   To avoid expensive and protracted costs incident to litigation;

    2.   To provide monetary and injunctive relief;

    3.   To ensure that Defendant's employment practices comply with federal law;

    4.   To ensure a work environment free from hostility and retaliation;

    5.   To ensure training for Defendant's managers and employees with respect to their obligations under Title VII;

    6.   To provide an appropriate and effective mechanism for handling discrimination complaints in the workplace; and

    7.   To provide a final and binding settlement upon the Parties as to all claims alleged in the Complaint.

C.   This Decree resolves all claims the EEOC has brought or could have brought against Specialty arising out of this Complaint. This Decree does not constitute an

adjudication on the merits of the allegations of the Complaint and does not constitute an admission of wrongdoing by anyone.

D. There is no determination implied or expressed in this Decree regarding whether the current policies, practices, and/or procedures of Specialty comply with Title VII.

## II. RELEASE OF CLAIMS

A. This Decree fully and completely resolves all issues, claims and allegations by the EEOC against SRC that are raised, or could have been raised in the Complaint filed in this action in the United States District Court, Central District of California on September 25, 2006, captioned *U.S. Equal Employment Opportunity Commission v. Specialty Restaurants Corporation and Does 1-10*; Case No. CV 06-06109 FMC (PLAx) (the "Complaint").

B. Nothing in this Decree shall be construed to preclude any party from bringing suit to enforce this Decree in the event that any party hereto fails to perform the promises and representations contained herein.

C. Nothing in this Decree shall be construed to limit or reduce SRC's obligation to comply fully with Title VII or any other federal employment statute.

D. This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against SRC in accordance with standard EEOC procedures.

## III. JURISDICTION

A. The Court has jurisdiction over the parties and the subject matter of this lawsuit. The Complaint asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree. The terms and provisions of this Decree are fair, reasonable and just. This Decree conforms with the Federal Rules

of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.

B.   The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to implement the relief provided herein.

### IV.  EFFECTIVE DATE AND DURATION OF DECREE

A.   The provisions and agreements contained herein are effective immediately upon the date that this Decree is entered by the Court ("the Effective Date").

B.   Except as otherwise provided herein, this Decree shall remain in effect for two and one half (2 ½) years after the Effective Date.  The Decree will be shortened to two years if SRC demonstrates that it has appropriately handled complaints during the two year period.  It shall be at the EEOC's discretion to determine whether SRC appropriately handled complaints during the two-year period.  The Decree will expire on its own terms unless the EEOC moves the Court for an extension.

### V.  MODIFICATION AND SEVERABILITY

A.   This Decree constitutes the complete understanding of the parties with respect to the matters contained herein.  No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the parties.

B.   If one or more provisions of the Decree are rendered unlawful or unenforceable, the parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the parties' best efforts, be achieved.

C. By mutual agreement of the parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

## VI. COMPLIANCE AND DISPUTE RESOLUTION

A. The parties expressly agree that the Commission may bring a motion before the Court to enforce the Decree if it has reason to believe that SRC has failed to comply with any provision of this Decree. Prior to initiating such action, the Commission will notify SRC and its legal counsel of record, in writing, of the nature of the dispute. This notice shall specify the particular provision(s) that the Commission believes SRC has breached.

B. Absent a showing that a delay will cause irreparable harm, the parties shall attempt to negotiate a resolution over the thirty (30) day period following receipt of written notice of the alleged breach. The parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the notice.

C. If the thirty (30) day period has passed with no resolution or agreement to extend the time further, the Commission may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree and/or any other relief the Court deems appropriate.

## VII. MONETARY RELIEF

A. **Charging Party and Presently Identified Class Members**

1. SRC shall pay a total of $625,000 in settlement of this lawsuit. Specifically, $425,000 will be designated to pay Julia Santoscoy and the other "presently identified class members." The designation of monetary relief to the Charging Party and any presently identified class members shall be made at the sole discretion of the EEOC.

2.    As soon as reasonably possible, the EEOC will send to SRC a distribution list setting forth the names and monetary allocations from the $425,000 for the Charging Party and the presently identified class members. Once SRC receives this distribution list, it will send to each of the Charging Party and presently identified class members a Release of Claims for harassment, discrimination, and retaliation through the Effective Date ("Individual Release"). The EEOC will not be a party to the Individual Releases. The Charging Party and presently identified class members will then be provided an opportunity to seek the advice of an attorney (designated by the parties) to assist them with the decision regarding whether to sign the Individual Release. SRC shall pay up to a maximum of $250 for an attorney consultation on behalf of the Charging Party and/or any presently identified class member who wishes to consult with the designated attorney for this purpose.

3.    Upon receipt of a fully-executed Individual Release from the Charging Party and/or any of the presently-identified class members, SRC shall have twenty (20) business days to forward, via certified mail, an individual check to that particular individual. All amounts are to be designated as compensatory damages and no withholding will be made. SRC shall prepare and distribute 1099 tax reporting forms to the Charging Party and/or any presently identified class members to whom monetary payment is made, and shall make appropriate reports to the Internal Revenue Service.

**B.    Unidentified Class Members/Class Fund**

The remaining $200,000 shall be designated as the "Class Fund" for unidentified class members. Within ten (10) business days from the Effective Date of this Decree, SRC shall allocate $200,000 in order to fund/create the Class Fund. Within twenty (20) business days from the Effective Date of this Decree, SRC shall provide the EEOC with written verification of the funding/creation of this account.

1  SRC shall be solely responsible for all costs and fees connected with the creation
2  and maintenance of the Class Fund account. The Class Fund shall be used solely to
3  make payments to unidentified class members who timely submit claims ("Potential
4  Class Members") and whom the EEOC determines to be eligible to receive
5  monetary relief in this lawsuit ("Eligible Class Members").

7      1.    Notification of Settlement/Claims Process
8      Within twenty (20) business days following the entry of this Decree,
9  SRC shall forward to the EEOC the names and last known addresses of all
10 employees ("Potential Class Member List") who were employed by SRC and/or one
11 of its subsidiaries anytime during the time period from May 22, 2003 to the
12 Effective Date ("Class Period"). If SRC determines that any of these employees'
13 addresses are not current, SRC shall attempt to obtain the employee's current
14 address (through a computer or other search using the employee's Social Security
15 number), at SRC's own cost, and immediately notify the EEOC's Los Angeles
16 District Office, Attn: Anna Park, Regional Attorney, 255 East Temple Street, 4th
17 Floor, Los Angeles, CA 90012, of such current addresses.
18     Within thirty (30) business days following the entry of this Decree,
19 SRC shall send each individual identified in the Potential Class Member List a letter
20 and questionnaire (the "Notice"), attached as "Exhibit A" hereto, notifying him/her
21 of the instant civil action, the existence of the Class Fund, class member eligibility
22 criteria, and EEOC contact information should he/she be interested in participating
23 as a class member. SRC shall concurrently send to the EEOC's Los Angeles
24 District Office, Attn: Anna Park Regional Attorney, 255 East Temple Street, 4th
25 Floor, Los Angeles, CA 90012, an exemplar of the correspondence sent to the
26 individuals in the Potential Class Member List.

2. <u>Final Distribution List</u>

Upon receiving and considering all claims from Potential Class Members, the EEOC shall forward to SRC the names, social security numbers, mailing addresses, and monetary allocation of the Eligible Class Members ("Final Distribution List"). EEOC has the sole discretion in determining the Eligible Class Members, and the allocation of monetary amount(s) from the Class Fund to each Eligible Class Member. The designation of monetary relief to any Eligible Class Member shall be made at the sole discretion of the EEOC. However, the maximum monetary relief for any Eligible Class Member shall not exceed the amount paid to any presently identified class members, except that the EEOC, in its discretion, may allocate monies beyond said maximum for conduct it reasonably deems "egregious." The EEOC's determination of these issues is final, and SRC agrees that it will neither participate in, nor object to the EEOC's determinations. However, the EEOC will advise SRC of all claims made against it or its employees (including the identities of any alleged wrongdoers and the nature of the claims against them), so that SRC may take appropriate remedial action.

3. <u>Payment to Eligible Class Members</u>

Within twenty (20) business days after receipt of the Final Distribution List, SRC will send each Eligible Class Member an Individual Release. The EEOC will not be a party to the Individual Releases. The Eligible Class Members will then be provided an opportunity to seek the advice of an attorney (designated by the parties) to assist them with the decision regarding whether to sign the Individual Release. SRC shall pay up to a maximum of $250 for an attorney consultation on behalf of each Eligible Class Member who wishes to consult with the designated attorney for this purpose.

1  Upon receipt of a fully-executed Individual Release from each Eligible
2  Class Member, SRC shall have twenty (20) business days to forward, via certified
3  mail, an individual check to that particular Eligible Class Member. All amounts
4  distributed from the Class Fund constitute "compensatory damages," under the Civil
5  Rights Act of 1991, 42 U.S.C. §1981a. SRC shall prepare and distribute 1099 tax
6  reporting forms to Eligible Class Members to whom monetary payment is made, and
7  shall make appropriate reports to the Internal Revenue Service.
8  Within ten (10) business days of the mailing of each and every
9  settlement check, SRC shall submit a copy of each check and related
10 correspondence to the Regional Attorney, Anna Y. Park, U.S. Equal Employment
11 Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA
12 90012.
13 In the event that any portion of the Class Fund, including accrued
14 interest, has not been distributed as required under this Decree, the surplus shall be
15 used by Specialty for the purposes of conducting additional training above and
16 beyond what is prescribed herein. The EEOC shall be notified of any such
17 additional training conducted and the amounts spent accordingly within three (3)
18 months of the expiration of the Decree.

## VIII. GENERAL INJUNCTIVE RELIEF

A. **Non-Discrimination**

   1. Harassment Based on Sex and National Origin

   SRC, its officers, agents, management (including all supervisory employees), successors, and assigns, are hereby enjoined from: (a) discriminating against persons on the basis of sex or national origin in the terms and conditions of employment; (b) engaging in or being a party to any action, policy or practice that is intended or is known to them to have the effect of harassing or intimidating any

-9-

employee on the basis of sex or national origin; and (c) creating, facilitating or permitting the existence of a work environment that is hostile to female employees or persons of Middle Eastern origin.

2. <u>Retaliation</u>

SRC, its officers, agents, management (including all supervisory employees), successors, and assigns, are hereby enjoined from engaging in, implementing or permitting any action, policy or practice with the purpose of retaliating against any current or former employee or applicant of SRC, or either of them, because he or she has in the past, or during the term of this Decree: (a) opposed any practice made unlawful under Title VII; (b) filed a charge of discrimination alleging such practice; (c) testified or participated in any manner in any investigation (including without limitation, any internal investigation undertaken by SRC) or proceeding in connection with this case and/or relating to any claim of a Title VII violation; (d) was identified as a possible witness or claimant in this action; (e) asserted any rights under this Decree; or (f) sought and/or received any relief in accordance with this Decree. This provision does not prohibit SRC from reporting, or instituting a civil action against, any individual(s) who breached, or may have breached, a fiduciary or other duty to SRC by engaging in conduct described in this paragraph.

.

B. **<u>Posting</u>**

Within ten (10) business days after the Effective Date and throughout the term of this Decree, SRC shall post a notice (attached as Exhibit "B") of the terms of this Decree, in English and in Spanish, in at least three clearly visible locations frequented by employees at each of its facilities.

C. **Designation of Equal Employment Opportunity Compliance Officer, Consultant, and Trainer**

Within thirty (30) business days after the Effective Date, SRC shall designate an in-house Equal Employment Opportunity Compliance Officer ("CO"). Within that same 30-day period, SRC shall retain a third-party Equal Employment Opportunity Trainer ("Trainer") and an Equal Employment Opportunity Consultant ("Consultant") with demonstrated experience in the area of employment discrimination, as well as both sexual and national origin harassment issues. The Trainer and Consultant may be the same person, and shall be subject to the Commission's approval, which shall not be unreasonably withheld. If the Commission does not approve SRC's proposed Trainer and/or Consultant, it shall provide SRC with a list of at least three acceptable candidates. SRC shall bear all costs associated with the selection and retention of the Trainer and Consultant, including the performance of each's duties.

**Compliance Officer**

The CO will monitor SRC's compliance with Title VII and the provisions of this Decree. The CO's responsibilities shall include:

1. Ensuring SRC has procedures in place to handle complaints of discrimination, harassment, and retaliation, and advising the EEOC of such for its review and comment;

2. Ensuring SRC maintains an effective anti-harassment policy and reporting procedure that complies with this Decree;

3. Ensuring SRC trains managerial and staff/hourly employees on their rights and responsibilities under Title VII, including but not limited to the responsibilities to provide a workplace free of discrimination;

4. Ensuring SRC trains all employees on policies and procedures relating to sexual and national origin discrimination/harassment and retaliation;

5. Ensuring SRC monitors and adequately investigates all complaints of sexual and national origin discrimination/ harassment and retaliation;

6. Ensuring SRC properly communicates with complainants regarding the complaint procedure, status of the complaint/investigation, results of the investigation, and any remedial action taken;

7. Ensuring SRC submits reports required by this Decree accurately and timely;

8. Ensuring SRC creates appropriate and consistent disciplinary policies to hold employees and managers accountable for failing to take appropriate action and/or for engaging in conduct prohibited under this Decree;

9. Ensuring SRC creates a centralized system of tracking discrimination, harassment, and retaliation complaints; and

10. Ensuring SRC creates a system by which managers' work performance is evaluated based on their compliance with equal employment opportunity laws and/or how they handle discrimination allegations and/or discriminatory conduct.

**Trainer**

The Trainer shall conduct a "train the trainer" class(es), whereby it educates SRC's designated trainer(s) regarding how to conduct EEOC-approved training on issues relating to discrimination, harassment, and retaliation.

**Consultant**

The Consultant shall investigate any complaints of discrimination, harassment, and/or retaliation in which the alleged wrongdoer is a member of SRC's Upper Management. "Upper Management" is defined as SRC's President, CEO,

CFO, corporate counsel, vice presidents, controllers, and directors. The Consultant shall make findings and set forth remedies as a result of the investigation, if any. If SRC does not agree with the Consultant's recommendation, the EEOC shall be notified of the disagreement within twenty (20) days. The EEOC, SRC, and the Consultant shall meet and confer within thirty (30) days thereafter, in an attempt to reach a mutually-acceptable resolution. If no such resolution is reached, SRC may file a noticed motion to the Court (no sooner than twenty-one (21) days after the meet and confer conference), seeking the Court's approval to deviate from the Consultant's recommended discipline.

D.   **Review of Policies Concerning Discrimination and Harassment**

      Within sixty (60) days of the Effective Date of this Decree, SRC shall provide to the Commission its current written policy on harassment, discrimination and retaliation. Thereafter, within twenty (20) days of receipt of SRC's written policy, the Commission shall notify SRC of any need to revise its policy. SRC shall provide a copy of any revised policy to the Commission within thirty (30) days of receipt of the Commission's notice. SRC's current (or revised, if applicable) policy shall include:

1. A clear explanation of prohibited conduct;

2. An assurance that employees who make complaints of harassment/discrimination or provide information related to such complaints will be protected against retaliation;

3. A clearly described complaint process that provides accessible and confidential avenues for complaints, including the address and telephone number of persons both internal (i.e., human resources) and external to SRC (i.e., Commission and/or DFEH) to whom employees may report discrimination and retaliation,

including a written statement that the employee may report the discriminatory behavior to designated persons outside their chain of management;

4. An assurance that SRC will protect the confidentiality of harassment/discrimination complaints to the extent possible;

5. A complaint process that provides a prompt, thorough, and impartial investigation;

6. A procedure for communicating with the complainant in writing regarding the status of the complaint/investigation, results of the investigation, and any remedial action taken; and

7. Assurance that SRC will take immediate and appropriate corrective action when it determines that harassment/discrimination and/or retaliation has occurred.

Within thirty (30) days of the Commission's approval of SRC's policy, the policy shall be distributed in English and Spanish to all of SRC's employees, including management/supervisory staff, and shall be included in any relevant policy or employee manuals distributed to employees by SRC. SRC shall collect acknowledgments from each employee who receives the policy, in either English or Spanish, depending on the language preference of each employee. Throughout the term of this Decree, SRC shall also post the policy, in English and Spanish, in a place that is conspicuous and accessible to all employees at each of SRC's locations covered by this Decree, in a legible font that is a minimum of 12 points in size.

E. **Training**

Within ninety (90) days after the Effective Date or sixty (60) days after the Trainer has trained SRC's designated trainer(s), whichever is later, all of SRC's managerial/supervisory employees shall attend an intensive training program of at least three (3) hours, and all of SRC's hourly employees shall attend a training

program of at least two (2) hours, which shall be offered in both English and Spanish. The training shall be mandatory, and all employees shall be required to attend training once each year for the term of this Decree.

1. All employees' training shall include coverage of the subjects of equal employment opportunity rights and responsibilities, national origin discrimination/ harassment, gender discrimination, retaliation, and SRC's revised policies and procedures for reporting and handling complaints of discrimination, harassment and retaliation.

2. The training of managerial employees shall additionally include training on how to properly handle and investigate complaints of discrimination and/or harassment in a neutral manner, how to take preventive and corrective measures against discrimination and/or retaliation, and how to recognize and prevent discrimination and/or retaliation.

3. For the remainder of the term of this Decree, all new employees shall receive the staff/hourly employee training within thirty (30) days of hire, and all recently-promoted supervisors and managers shall receive the managerial training within thirty (30) days of being promoted.

4. All employees shall verify their attendance at the designated training classes in writing.

Within forty-five (45) days after the Effective Date or fifteen (15) days after the Trainer has trained SRC's designated trainer(s), whichever is later, SRC shall submit to the EEOC a description of the training to be provided and an outline of the curriculum developed for the trainees. SRC shall give the EEOC a minimum of ten (10) business days' advance written notice of the date, time and location of each training program provided pursuant to this Decree, and agrees that an EEOC representative may attend any such training program.

Case 2:06-cv-06109-FMC-PLA   Document 19   Filed 05/15/08   Page 16 of 20   Page ID #:63
Case 2:06-cv-06109-FMC-PLA   Document 18-2   Filed 05/01/2008   Page 16 of 22

## IX. RECORD KEEPING AND REPORTING

A. **Record Keeping**

SRC shall work with the Consultant to establish a record-keeping procedure that provides for the centralized tracking of discrimination complaints and the monitoring of such complaints to prevent retaliation. The records to be maintained shall include:

1. All documents generated in connection with any complaint of discrimination or harassment for the duration of the Decree, including documents related to the investigation into, or resolution of, each such complaint and the identities of the parties involved;

2. All forms acknowledging employees' receipt of SRC's discrimination and anti-retaliation policy; and

3. All documents verifying the occurrence of all training sessions and names and positions of all attendees for each session as required under this Decree.

SRC shall make the aforementioned records available to the EEOC within ten (10) business days following a written request by the EEOC.

B. **Reporting**

In addition to the notices to the EEOC specified above, SRC shall provide the following reports to the EEOC in writing, by mail or facsimile:

1. Within one hundred twenty (120) days after the Effective Date, SRC shall submit to the EEOC an initial report that contains:

    a. A copy of SRC's discrimination and anti-retaliation policy;

    b. A summary of the procedures and record-keeping methods for centralized tracking of discrimination complaints and the monitoring of such complaints;

W02-WEST:1RDJ1\400614044.2    CONSENT DECREE

1    c.    A statement confirming that the required notices pertaining to
2  this Decree and the discrimination and anti-retaliation policies have been posted;
3  and
4    d.    Confirmation that all employee acknowledgment forms
5  indicating receipt of the discrimination and anti-retaliation policy were gathered.
6    2.    SRC shall also provide the following reports semiannually throughout
7  the term of this Decree:
8    a.    The attendance lists of all attendees for all training sessions
9  required under this Decree that took place during the previous six months;
10    b.    Acknowledgments of receipt of the discrimination and
11  harassment policy for all employees hired during the previous six months; and
12    c.    A description of all sexual and/or national origin discrimination,
13  harassment, and/or retaliation complaints made since the submission of the
14  immediately preceding report hereunder.  This description shall include the names
15  of the individuals making the complaints, the nature of the complaints, the names of
16  the alleged perpetrators, the dates of the alleged discrimination, harassment, or
17  retaliation, a brief summary of how each complaint was resolved, and the identity of
18  the person(s) who investigated or resolved each complaint.  If no results have been
19  reached as of the time of the report, the result shall be included in the next report.
20    3.    SRC shall also provide the foregoing report to the EEOC 60 days prior
21  to the end of the two-year term of the Decree (the "Final Report"), so that the EEOC
22  can determine, within its discretion, whether SRC has appropriately handled
23  discrimination, harassment and/or retaliation complaints since the Effective Date of
24  the Decree.  Included in that report will be the Consultant's recommendation to the
25  EEOC as to whether SRC has properly handled complaints of discrimination and
26  retaliation during the term of the Decree.  No later than 30 days after receiving the
27  Final Report, the EEOC shall provide SRC with a written decision as to whether the
28

Decree will expire at the conclusion of the two-year term, or shall remain in place for the full two and one-half year term. The written decision shall set forth the reasons for the EEOC's decision.

4. SRC shall provide a report to the EEOC detailing any changes in the procedures or record-keeping methods for centralized tracking of discrimination complaints and the monitoring of such complaints within thirty (30) days before implementing such changes.

## X. COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE

SRC shall bear all costs associated with its administration and implementation of its obligations under this Consent Decree.

## XI. COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

## XII. MISCELLANEOUS PROVISIONS

A. In the event that, during the term of this Decree, SRC sells or conveys its interest in any of its currently-operating restaurant facilities to another person or entity ("successor"), which intends to thereafter continue to operate said facility as a restaurant, SRC shall provide that successor with a copy of this Consent Decree within a reasonable time of not less than ten (10) days prior to the execution of any agreement for acquisition or assumption of control of said facility, and shall simultaneously inform the EEOC of same.

B. During the term of this Consent Decree, SRC shall ensure that each of its officers, managers and supervisors is aware of any term(s) of this Decree that may be related to his/her job duties.

C. Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Floor, Los Angeles, CA 90012.

D. This Decree may be signed in counterparts. A facsimile signature shall have the same force and effect of an original signature or copy thereof.

E. The parties agree to entry of this Decree and judgment subject to final approval by the Court.

All parties, through the undersigned, respectfully apply for and consent to the entry of this Consent Decree Order.

Respectfully submitted,

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Date: 4/24/08

By: /s/
Anna Y. Park
Elizabeth Esparza-Cervantes
Attorneys for Plaintiff

**SPECIALTY RESTAURANTS CORPORATION**

Date: 4-21-08

By: /s/
Howard Bell
Chief Executive Officer

# [~~PROPOSED~~] ORDER

The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is **HEREBY ORDERED.**

Date: May 13, 2008

*Florence-Marie Cooper*
The Honorable Florence-Marie Cooper
United States District Court Judge